UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

      Plaintiff,        **MEMORANDUM & ORDER**
                    04 Civ. 1220 (DRH) (ETB)
  - against -

ROSE A. BARTON AND JERRY A BARTON,
and if not living their heirs at law, if any;
FRANZ FIDELI; THE COMMISSIONER OF
SOCIAL SERVICES OF SUFFOLK COUNTY;
SUFFOLK; and JOHN DOES #1 THROUGH
#10,

      Defendants.
----------------------------------------------------------X

**APPEARANCES :**

**MULLEN & IANNARONE, P.C.**
Attorney for Plaintiff
300 East Main Street, Suite 3
Smithtown, NY 11787
By: Liberatore J. Iannarone, Esq.

**FRANZ FIDELI**
Defendant Pro Se
71 Wood Ave.
Mastic, NY 11950

**HURLEY, District Judge:**

## INTRODUCTION

  Plaintiff United States of America ("Plaintiff") brought the present action on behalf of the United States Department of Agriculture, New York Rural Development against Defendants Rose A. Barton and Jerry A. Barton and, if not living, their heirs at law ("the Bartons"); Franz Fideli ("Fideli"); the Commissioner of Social Services of Suffolk County ("the Commissioner");

the Suffolk County Water Authority ("the Water Authority"); and John Does #1 through #10[1] to foreclose on a mortgage pursuant to 28 U.S.C. § 1345. Plaintiff moves for summary judgment. Defendant Fideli, proceeding *pro se*, submitted a "Cross-Motion to Deny Summary Judgment, Demand Discovery to Produce all Documents, and Allow Defendants to Answer," which is essentially an opposition to Plaintiff's motion. For the reasons herein, Plaintiff's motion for summary judgment is GRANTED.

**BACKGROUND**

The material facts are drawn from the Complaint and the materials submitted by Plaintiff and Defendant Fideli. The facts are undisputed unless otherwise noted.

This matter originated on March 27, 1975, when Howard W. Hutton and Elizabeth J. Hutton ("the Huttons") executed and delivered a promissory note and mortgage to the United States on the mortgaged premises located at 71 Wood Avenue, Mastic, New York. A couple of months later, on June 22, the Bartons executed, acknowledged, and delivered to an "agency" of Plaintiff (Pl.'s Decl. in Reply ¶ 7) an assumption agreement wherein the Bartons executed a new promissory note and mortgage and assumed the promissory note and mortgage of the Huttons.

As a result of the assumption, the Bartons became indebted for the total remaining balance on the assumed promissory note ($21,097.37) and for the new promissory note ($4,390.00). The Bartons also assumed title to the Wood Avenue residence. On May 10, 1988, title to the premises was transferred entirely to Rose Barton by deed and Jerry Barton was no

---

[1] In its summary judgment motion, Plaintiff states that "[i]t has now been determined that [the John Does] do not have any interest in the mortgaged premises and are not necessary parties to this action." (Pl.'s Decl. of Regularity ¶ 16.) Accordingly, John Does #1 through #10 are no longer defendants in these proceedings.

longer a fee owner of the premises. On some, unspecified date, the Bartons defaulted on their promissory notes and they remain in arrears up to this day. Their defaults prompted the present lawsuit.

On July 19, 1988, just two months after the Bartons assumed title of the Wood Avenue residence, Defendant Fideli was added as a fee owner by virtue of a deed by Rose Barton on the mortgaged premises. (*See id.* ¶ 13.) As such, he took title subject to Plaintiff's rights as mortgagee.

Plaintiff brought the present suit against the named Defendants on March 24, 2004. Only Defendant Fideli filed an answer, wherein he denied knowledge of any of the facts alleged in Plaintiff's complaint. Thereafter, Plaintiff submitted a motion for summary judgment and Defendant Fideli submitted his "cross-motion."

## DISCUSSION

Summary judgment is generally appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994) (quoting Fed. R. Civ. P. 56(c)). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying those materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a party is proceeding *pro se*, the Court construes his submissions "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Graham v.*

*Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Nevertheless, "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (citation and quotation marks omitted).

The relevant facts of the present case are clear. There is no dispute that the Bartons had a promissory note and mortgage with Plaintiff, and that they defaulted on those loans. There is further no dispute to the fact that the deed, to which Defendant Fideli was added as fee owner on July 19, 1988, was subject to the pre-existing Mortgage Lien of Plainitff. (*See* Pl.'s Reply ¶ 20.)

Defendant Fideli makes a series of assertions in his "cross-motion," though none of them have any bearing on the legal posture of Plaintiff's motion. Defendant Fideli's assertions with regard to the loan, are essentially that he was paying money on the loan, but that he was not legally responsible for it. (*See id.* ¶ 4 ("Unless alleged plaintiff can produce the original mortgage instrument contract with my original signature on it, this Court lacks personal jurisdiction over me . . . .").) Defendant Fideli's arguments regarding his legal obligation for the debts are irrelevant, however, because this is not an action to compel Defendant Fideli to pay the Bartons' debts. As Plaintiff states, "Franz Fideli never executed any documents with Plaintiff nor did he assume any obligation with Plaintiff." (*See* Pl.'s Reply ¶ 15.)

Ultimately Defendant Fideli does not dispute the dispositive fact in this case: the Bartons' mortgage is in default. As such, Plaintiff's motion for summary judgment is granted.

## CONCLUSION

Because there are no issues of material fact, the Court GRANTS Plaintiff's motion for summary judgment. Defendant Fideli's cross-motion is DENIED. Because the submitted,

proposed "Judgment of Foreclosure and Sale" needs to be tailored to the present case, Plaintiff's are hereby directed to submit a new proposed "Judgment of Foreclosure and Sale," by April 14, 2006.

**SO ORDERED.**

Dated: March 28, 2006
      Central Islip, New York

/s/
Denis R. Hurley,
United States District Judge